**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERNON LEE BAKER,

    Defendant - Appellant.

No. 17-2174
(D.C. Nos. 1:16-CV-00715-PJK-GBW &
1:08-CR-01680-PJK-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Vernon Lee Baker seeks to appeal the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside or correct his sentence. In his motion, Baker claims

his sentence, imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e), is unconstitutional as a result of the Supreme Court's invalidation of ACCA's

residual clause in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). In order to

appeal the district court's decision, Baker must first obtain a certificate of appealability

("COA"). 28 U.S.C. § 2253(c)(1)(B). For the reasons set forth below, we deny a COA

and dismiss this matter.

---

   \* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Baker was convicted in 2011 by a federal jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). This crime ordinarily carries a prison term of up to 10 years, *id.* § 924(a)(2), but Baker was sentenced to nearly 20 years of imprisonment under ACCA § 924(e), which applies when a defendant who violates § 922(g) "has three previous convictions . . . for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1).[1]

ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (elements clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (enumerated clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). *Id.* § 924(e)(2)(B). The sentencing court concluded Baker had at least three prior convictions for a "violent felony" under this definition, based on his two convictions for armed robbery and a conviction for aggravated battery with a deadly weapon under New Mexico law.

In 2015, in *Johnson*, the Supreme Court invalidated ACCA's residual clause as unconstitutionally vague, but left the elements and enumerated clauses untouched. *See* 135 S. Ct. at 2563. The Supreme Court subsequently made *Johnson* retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

---

[1] Baker unsuccessfully appealed his conviction but did not challenge his ACCA sentencing enhancement. *See United States v. Baker*, 485 F. App'x 964 (10th Cir. 2012).

Baker timely filed a § 2255 motion to vacate his sentence under *Johnson*, arguing that he should be resentenced without the ACCA enhancement because both armed robbery and aggravated battery with a deadly weapon as defined by New Mexico law qualify as a "violent felony" only under ACCA's now-unconstitutional residual clause. The magistrate judge recommended the district court deny Baker's motion based on his determination that both of Baker's crimes qualify as violent felonies under ACCA's elements clause.[2]

After considering Baker's objections, the district court adopted the magistrate judge's recommendation and denied a COA. Baker now seeks to appeal the district court's decision. We construe Baker's notice of appeal as a request to this court for the required COA and look to the issues raised in his opening brief in deciding whether to grant this request. *See* Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A).

## STANDARD FOR OBTAINING A COA

To obtain a COA from this court, Baker must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution was

---

[2] The magistrate judge also agreed with the government that another of Baker's previous convictions, for aggravated assault against a household member using a deadly weapon, qualifies as a "violent felony" under the elements clause and could serve as a predicate offense for applying ACCA if needed. Baker did not object to this proposed finding and does not challenge the district court's adoption of it on appeal.

3

either "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We decide whether Baker has made this showing by "a preliminary, though not definitive, consideration" of the merits of the issues on which he seeks a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

## STANDARDS OF REVIEW

We recently clarified that § 2255 motions seeking relief under *Johnson* are to be analyzed under a two-step, harmless-error framework. *See United States v. Driscoll*, 892 F.3d 1127, 1132 (10th Cir. 2018). At step one, the court determines error, that is "whether the sentencing court erred by relying on the residual clause to enhance [the defendant's] sentence." *Id.* This is a matter of historical fact to be determined based on the sentencing record or, if the record is unclear, the controlling law at the time of sentencing. *See id.*; *United States v. Snyder,* 871 F.3d 1122, 1128-29 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1696 (2018). The defendant bears the burden of proof at this step, and "must prove that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA." *Driscoll*, 892 F.3d at 1135. If the defendant carries this burden, then at step two the court considers whether the sentencing court's error is harmless. *Id.* at 1132. The government bears the burden of proof on this question, *see United States v. Garcia*, 877 F.3d 944, 948 (10th Cir. 2017), *petition for cert. filed* (U.S. June 18, 2018) (No. 17-9469), which it can satisfy by showing that "even with the *Johnson* error, [the defendant] has three predicate convictions to support his enhanced sentence as an armed career criminal," *Driscoll*, 892 F.3d at 1135-36. The harmlessness determination is made under current law because

4

it considers whether the current classification of the defendant as a career criminal is correct notwithstanding any *Johnson* error at the time of sentencing. *See Garcia,* 877 F.3d at 948-56 (applying current law in determining that *Johnson* error was harmless).

The district court did not have the benefit of *Driscoll* when it denied Baker's motion for relief under *Johnson* and hence it did not follow this framework. In particular, neither the district court nor the parties addressed the initial question of whether it is more likely than not that the sentencing court relied on the residual clause in sentencing Baker in 2011.[3]

The district court's denial of relief nonetheless fits neatly into the *Driscoll* framework because it rests on the court's determination that Baker has three predicate convictions for violent felonies under ACCA's elements clause. In other words, using *Driscoll*'s terminology, the district court held that any reliance by the sentencing court on the residual clause was harmless because Baker has at least three predicate offenses under ACCA and thus is properly serving an enhanced sentence as a career criminal. A court need not decide whether there was in fact error at the time of sentencing if it can determine the potential error was harmless. *See Davis v. Ayala*, 135 S. Ct. 2187, 2193

---

[3] The government belatedly touched on this issue in its response to Baker's objections to the magistrate judge's recommendation, arguing for the first time that Baker's § 2255 motion was not timely because he had not shown that the sentencing court relied on the residual clause in enhancing Baker's sentence. The district court declined to resolve this argument, stating that doing so would at minimum require that Baker be given an opportunity to respond and that in any event it was unnecessary in light of its determination that Baker's prior offenses qualified as violent felonies under ACCA.

(2015) (reversing grant of habeas corpus relief because "[a]ssuming without deciding that a federal constitutional error occurred, the error was harmless"). Accordingly, our task in considering whether to grant a COA here is to determine whether reasonable jurists could debate the district court's conclusion that Baker has at least three predicate convictions for violent felonies under ACCA's elements clause.

Our standards for addressing this question are well-established. "Whether a prior conviction satisfies . . . ACCA's violent felony definition is a legal question we review de novo." *United States v. Titties*, 852 F.3d 1257, 1263 (10th Cir. 2017). We determine whether a state conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another" by looking to federal law to define this phrase and to state law to define the substantive elements of the offense. *United States v. Harris*, 844 F.3d 1260, 1263-64 (10th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1438 (2018). In conducting our review of the relevant state law, "we apply the categorical approach, focusing on the elements of the crime of conviction, not the underlying facts." *Id.* at 1263. But if a state statute is divisible, such that it "sets out one or more elements of the offense in the alternative," then the modified categorical approach applies. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Under this approach, we may "look[ ] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

6

Once the crime of conviction is determined, we "focus on the least of the acts criminalized" under the relevant state statute, *Garcia*, 877 F.3d at 949 (internal quotation marks and emphasis omitted), to determine, in the case of ACCA's elements clause, whether the crime has as an element the use, attempted use or threatened use of physical force against another. "Physical force" in this context means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

## ANALYSIS

In his opening brief, Baker renews his argument that armed robbery and aggravated assault with a deadly weapon, as defined by New Mexico law, do not qualify as violent felonies under ACCA's elements clause. The district court rejected these arguments and denied Baker's motion based our precedent and New Mexico law. Reasonable jurists would not debate the district court's decision.

### A.    Armed robbery convictions

Baker was convicted of armed robbery under N.M. Stat. Ann. § 30-16-2. It provides:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, *by use or threatened use of force or violence*.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M. Stat. Ann. § 30-16-2 (emphasis added).

7

In *United States v. Garcia*, issued after the district court ruled but before Baker filed his brief in this court, we considered whether a conviction under N.M. Stat. Ann. § 30-16-2 qualifies as a violent felony under ACCA's elements clause. The robbery conviction in that case was for third degree robbery—that is, robbery without being armed with a deadly weapon. 877 F.3d at 949 n.2. Applying the categorical approach, we reviewed how New Mexico courts have discussed and applied the statutory "force or violence" element of this offense. *Id.* at 950-56. Based on this review and the Supreme Court's definition of "physical force" as used in ACCA, we concluded—like the district court in this case—that third-degree or "simple" robbery under N.M. Stat. Ann. § 30-16-2 categorically has as an element the use or threatened use of physical force against another person and thus is a violent felony under ACCA's elements clause. *Id.* at 956.

If simple robbery under N.M. Stat. Ann. § 30-16-2 qualifies as a violent felony under the elements clause, then Baker's conviction under the same statute for robbery "while armed with a deadly weapon" does as well. Accordingly, reasonable jurists could not debate that Baker's New Mexico armed robbery convictions were convictions for violent felonies under ACCA.[4]

---

[4] Baker acknowledged in his brief that *Garcia* forecloses this court from holding that New Mexico armed robbery does not satisfy ACCA's elements clause. *See Tootle v. USDB Commandant*, 390 F.3d 1280, 1283 (10th Cir. 2004) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (internal quotation marks omitted)). He reports that he nonetheless raised and argued this issue in order to preserve it in case *Garcia* is overturned.

## B.  Conviction for aggravated battery with a deadly weapon

The parties agree Baker was convicted of felony aggravated battery with a deadly weapon under N.M. Stat. Ann. § 30-3-5.  It provides as relevant here:  "Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another. . . . Whoever commits aggravated battery . . . with a deadly weapon . . . is guilty of a third degree felony."  *Id.* § 30-3-5(A), (C).  New Mexico defines a deadly weapon as "any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm."  *Id.* § 30-1-12.

Baker argues aggravated battery with a deadly weapon under this authority does not require proof of "violent force" against the person of another because it may be committed by unlawfully touching the person of another with a deadly weapon, such as the butt of a pistol, with the intent to injure a third person rather than the person being touched.  In other words, Baker argues that without the unlawful touching with a deadly weapon and the intent to injure being directed at the same person, this offense does not require proof of "the use, attempted use, or threatened use of physical force against the person of another" as necessary to satisfy ACCA's element clause.

Baker cites no authority in support of this contention.  And even assuming his hypothetical presents a realistic probability of conduct that would violate the New Mexico statute, *see Garcia*, 877 F.3d at 956 ("We are concerned with realistic probabilities, not theoretical possibilities, of conviction under the statute"), his conclusion that this scenario does not at least threaten the use of physical force against another is contrary to our precedent.

In *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1214 (2017), for example, we held that under New Mexico law "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force, i.e., 'force capable of causing physical pain or injury to another person.'"[5] *Id.* at 1250 (quoting *Curtis Johnson*, 559 U.S. at 140). Similarly, we held in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1608 (2017), that "the use of a dangerous weapon during an assault or battery always constitutes a sufficient threat of force to satisfy the elements clause."[6] *Id.* at 1224 (internal quotation marks omitted). This is so, among other things, because intentionally touching another with a deadly weapon "could at least put the victim on notice of the possibility that the weapon will be used more harshly in the future, thereby constituting a threatened use of force." *United States v. Ramon Silva*, 608 F.3d 663, 672 (10th Cir. 2010) (internal quotation marks omitted).

It is not debatable under this precedent that touching a person with a deadly weapon, even while intending to injure a third person, necessarily threatens the use of

---

[5] Baker argues *Maldonado-Palma* is distinguishable because it was analyzing whether a conviction for aggravated assault qualified as a crime of violence under the enumerated clause of U.S. Sentencing Guidelines § 2L1.2. In fact, the language quoted above was part of the court's analysis of whether aggravated assault with a deadly weapon satisfies § 2L1.2's elements clause, which employs similar language as ACCA's elements clause. 839 F.3d at 1248-1250. We also have approved the use of precedents under each of these clauses as guidance in interpreting the other. *See id.* at 1248.

[6] We also noted in *Taylor* that the definition of "dangerous weapon" at issue there is "very similar" to the definition of "deadly weapon" under New Mexico law. *See* 843 F.3d at 1223.

physical force against one or both of these persons. Thus, we conclude that reasonable jurists could not debate that aggravated battery with a deadly weapon under N.M. Stat. Ann. § 30-3-5(A), (C) "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and thus serves as a third prior violent felony conviction for sentencing enhancement under ACCA.

## CONCLUSION

For the foregoing reasons, reasonable jurists could not debate that Baker had at least three predicate convictions for sentencing enhancement under ACCA and that the district court therefore properly denied his motion for relief under § 2255. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court


Joel M. Carson
Circuit Judge

11