FILED
United States Court of Appeals
Tenth Circuit

**March 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DEWAYNE BELL,

    Defendant - Appellant.

No. 22-5111
(D.C. No. 4:06-CR-00140-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Michael Dewayne Bell, a federal prisoner appearing pro se, appeals the district

court's denial of his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i), and the dismissal of his motion for miscellaneous relief under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Federal Rule of Civil Procedure 59(e). Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.[1]

## I.  BACKGROUND

### A.  *First Step Act*

The First Step Act allows federal prisoners to move for compassionate release

in district court after exhausting administrative remedies at the Bureau of Prisons.

*See United States v. Maumau*, 993 F.3d 821, 830-31 (10th Cir. 2021). The court may

grant the motion only when it finds that

(1)  "extraordinary and compelling reasons" warrant release;

(2)  release is "consistent with applicable policy statements issued by the Sentencing Commission"; and

(3)  release is warranted after considering the applicable 18 U.S.C. § 3553(a) factors.

*Id.* at 831; *see* 18 U.S.C. § 3582(c)(1)(A)(i). In general, "district courts may deny

compassionate-release motions when any of the three prerequisites listed in

§ 3582(c)(1)(A) is lacking." *Maumau*, 993 F.3d at 831 n.4 (quotations omitted); *see*

*also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021). The district

court here denied Mr. Bell's motion based on his failure to meet the first

prerequisite—extraordinary and compelling reasons.

---

[1] Because Mr. Bell appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

B. *Life Imprisonment under 18 U.S.C. § 3559(c)*

Mr. Bell was sentenced to life imprisonment under the "Three Strikes" provision of 18 U.S.C. § 3559(c). Under this statute, "a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if the person has been convicted . . . on separate prior occasions in a court of the United States or of a State of 2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i). An offense may qualify as a "serious violent felony" if it falls under the statute's

(1) enumeration clause, which lists certain offenses, including "robbery (as described in section 2111, 2113, or 2118)";

(2) elements or force clause, which includes "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another"; or

(3) residual clause, which is an offense that, "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."

*Id.* § 3559(c)(2)(F).

C. *Procedural History*

In 2007, a jury convicted Mr. Bell of (1) aggravated bank robbery, in violation of 18 U.S.C. § 2133(a) and (d); and (2) using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Based on his two prior convictions in Oklahoma state court for serious violent felonies, he was sentenced to two consecutive mandatory life prison

3

terms under 18 U.S.C. § 3559(c)(1)(A)(i).[2]  This court affirmed Mr. Bell's

convictions and sentences.  *See United States v. Bell*, 290 F. App'x 178 (10th Cir.

2008) (unpublished).  His repeated post-conviction challenges were unsuccessful.

*See, e.g.*, *United States v. Bell*, 2022 WL 2965793 (10th Cir. 2022) (unpublished).

On October 3, 2022, Mr. Bell moved in district court for compassionate

release under 18 U.S.C. § 3582(c)(1)(A)(i).  First, he argued that he would receive a

lower sentence today—not mandatory life—because his two predicate offenses no

longer qualify for sentencing enhancement under § 3559(c)(2)(F).  Second, he urged

that his age, health, length of incarceration, participation in educational courses,

favorable institutional conduct, family support, and release plan support

compassionate release.  The Government filed its opposition to Mr. Bell's motion on

October 25, 2022.  The district court denied the motion on November 3.

In rejecting Mr. Bell's first argument alleging sentence disparity, the district

court said that his two prior Oklahoma convictions for robbery by force and fear

under Okla. Stat. tit. 21 § 791 and robbery by force under Okla. Stat. tit. 21 § 801

both "include as an element that the robbery be accomplished by force or fear," and

therefore remain predicates under the elements clause of § 3559(c)(2)(F)(ii).  ROA,

Vol. I at 134 (quotations omitted).  Thus, "[i]f sentenced today, defendant would be

subject to the same § 3559(c)(1)(A) enhanced penalty as employed at his original

---

[2] Mr. Bell does not contest that his federal convictions for armed bank robbery and use of a firearm during a crime of violence are serious violent felonies under 18 U.S.C. § 3559(c)(2)(F).

4

sentencing," so Mr. Bell's sentence disparity argument did "not rise to [the] level of [an] 'extraordinary and compelling reason'" warranting a sentencing reduction under § 3582(c)(1)(A)(i). *Id.*

Addressing Mr. Bell's second argument based on age, health, and other factors, the district court said these factors, individually or collectively, also did not "rise to [the] level of 'extraordinary and compelling reasons.'" *Id.* at 135. The court explained that "[a]lthough defendant's institutional adjustment and program participation are, based on his length of imprisonment, generally favorable, his rehabilitative efforts are not extraordinary and compelling. Further, the Court finds that a middle-aged inmate suffering from hypertension, his only reported health concern, falls well short of factors worthy of consideration under § 3582(c)." *Id.* at 134-35.

On November 14, Mr. Bell's reply to the Government's opposition to the motion was filed along with a motion to supplement his reply brief. On November 18, the court entered a minute order stating that, because it had denied the motion for compassionate release on November 3, the motion to supplement the reply brief "is moot." *Id.* at 168.

On December 2, Mr. Bell filed his Rule 59(e) motion.[3]  On December 20, the district court dismissed the Rule 59(e) motion for lack of jurisdiction. *Id.* at 181.  In its order, the court

(1) said that because it had "already ruled on [Mr. Bell's] motion for reduction of sentence" and that "his request for an extension of time to reply to [the Government's] response in opposition is moot," and that the court was "under no obligation to permit defendant the opportunity to respond to [the Government's] position relative to his § 3582(c) motion for miscellaneous relief";

(2) noted that Rule 59(e) does not apply in criminal cases;[4] and

(3) determined that Mr. Bell had failed "to assert[, as required under Rule 59(e),] an intervening change in controlling law, the availability of new evidence previously unavailable, or the need to correct a clear error or prevent manifest injustice."

ROA, Vol. I at 179-81.

On January 3, 2023, Mr. Bell filed a motion to supplement his Rule 59(e) motion.  The docket does not show a disposition on this motion.  Mr. Bell had filed three notices of appeal by the time this motion was filed.[5]

---

[3] The Government contends that Mr. Bell's Rule 59(e) motion was untimely. Aplee. Br. at 15-16.  Because we resolve this appeal on other grounds, we do not address this question.

[4] In *United States v. Warren*, 2 F.4th 917 (10th Cir. 2022), this court "conclude[d that] motions for reconsideration can be filed under § 3582 in this circuit." *Id.* at 926.  The motion for reconsideration in *Warren* was not styled as a Fed. R. Civ. P. 59(e) motion.  Because we resolve this appeal on other grounds, we need not address here whether the district court could properly dispose of Mr. Bell's motion on the ground that Rule 59(e) is meant to be used only in civil proceedings.

[5] On December 5, 2022, Mr. Bell filed a motion under Federal Rule of Civil Procedure 60(b)(4) asking the district court to void the 2021 judgment denying him

Mr. Bell now appeals. He has filed a brief, and the Government has filed an answer brief. Mr. Bell has not filed a reply brief.

## II. DISCUSSION

"We review the denial of First Step Act relief for an abuse of discretion, the same as other post-trial motions. Likewise, we review the district court's denial of a motion for reconsideration for abuse of discretion." *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (quotations and citations omitted).

In his brief, Mr. Bell lists four issues, each alleging procedural error. Aplt. Br. at vi. His list lacks a challenge to the district court's rejection of his sentencing-disparity argument or of his argument based on other factors. Failure to raise an issue in an opening brief waives that issue. *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 475 (10th Cir. 2023). Read liberally, however, Mr. Bell's brief appears to touch on the sentencing-disparity argument in its discussion of his procedural challenges, so we will address this issue. But we see only passing reference in Mr. Bell's brief to the district court's rejection of his argument for release based on age, health, and other factors, *see* Aplt. Br. at 3, so we will not analyze those factors here, though we note that Mr. Bell has not shown the district court abused its discretion.

---

post-conviction relief on his motion under 28 U.S.C. § 2255 and to reopen the proceedings. ROA, Vol. I at 174-76. This motion is not relevant to this appeal.

We first discuss Mr. Bell's sentencing disparity argument and then turn to his assertions of procedural error.

## A. *Sentencing Disparity*

The district court did not err in determining that Mr. Bell still qualifies for mandatory life sentences under 18 U.S.C. § 3559(c)(1)(A)(i).  The court did not abuse its discretion in determining that Bell's "mistaken" assertion of sentencing disparity did "not rise to [the] level of [an] 'extraordinary and compelling reason' warranting a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(1)." ROA, Vol. I at 134.

In his brief, Mr. Bell discusses the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the "residual clause" in the Armed Career Criminal Act ("ACCA") as unconstitutionally vague, and *United States v. Davis*, 139 S. Ct. 2319 (2019), which similarly held the residual clause in 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague.  Aplt. Br. at 4.  He contends that when he was sentenced in 2007, "the government did not explicitly rely on the enumerated offense, elements, or residual clause definition of 'serious violent felony' in § 3559(c)."  *Id.* at 5.  His argument implies that (1) the residual clause in § 3559(c)(2)(F)(ii) is unconstitutional after *Johnson* and *Davis*, and (2) the sentencing court relied on the residual clause to find his Oklahoma convictions to be violent felonies.

Neither the Supreme Court nor this court has addressed the constitutionality of the residual clause in § 3559(c)(2)(F)(ii).  We can rely, though, on *Johnson* and

8

*Davis* to support a conclusion on direct appeal that the residual clause of similarly worded statutes are unconstitutionally vague, *see United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018).  But Mr. Bell has not shown here, just as he failed to show in earlier proceedings, that it is more likely than not he was sentenced under § 3559(c)(2)(F)(ii)'s residual clause.  *See United States v. Copeland*, 921 F.3d 1233, 1242 (10th Cir. 2019) (recognizing the preponderance standard); *United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018) (adopting "more likely than not" standard under *Johnson*).  In an earlier proceeding, the district court held that Mr. Bell had failed to show the sentencing court had relied on the residual clause in finding that his prior convictions qualified as serious violent felonies under § 3559(c)(2)(F).  *See United States v. Bell*, 2022 WL 1501765 (N.D. Okla. 2017).

Mr. Bell also relies on *Eaton v. United States*, 2017 WL 3037435 (D.N.D. 2017), an unpublished out-of-circuit district court case, which held that the Oklahoma offense of robbery by force or fear under Okla. Stat. tit. 21 § 791 is not a violent felony under the ACCA's elements clause.  Although the Government does not specifically address *Eaton* in its brief, it points out, Aplee. Br. at 10, as did the district court in *United States v. Bell*, 2022 WL 1501765 (N.D. Okla. 2017), that Tenth Circuit panels have concluded in unpublished decisions that robbery by force under Oklahoma law satisfies the elements clause of the ACCA's definition of "violent felony," which is virtually identical to the elements clause in § 3559(c)(2)(F)(ii).  *See United States v. Goldlock*, 794 F. App'x 725, 728 (10th Cir. 2019) (unpublished) (1993 robbery conviction under Okla. Stat. tit. 21 § 791 satisfied the ACCA's elements

9

clause); *United States v. Byers*, 739 F. App'x 925, 928 (10th Cir. 2018) (unpublished) (1998 conviction for robbery with a firearm under Okla. Stat. tit. 21 § 801 satisfied either elements or enumerated offense clause of ACCA); *United States v. Hill*, 722 F. App'x 814, 817 (10th Cir. 2018) (unpublished) (conviction under Okla. Stat. tit. 21 § 801 required proof of the use, threatened use, or attempted use of physical force and qualified as a violent felony under the elements clause of the ACCA).

Based on the foregoing, we conclude that Mr. Bell has failed to show the district court erred in determining his sentence could be the same today as it was in 2007 and in rejecting his sentence-disparity argument.

## B. *Procedural Challenges*

Mr. Bell contends the district court abused its discretion by failing to:

(1) <u>Allow him to supplement his Rule 59(e) motion for reconsideration before dismissing it</u>.

This issue is not properly before this court. The district court denied Mr. Bell's Rule 59(e) motion on December 20, 2022. Mr. Bell filed his motion to supplement his Rule 59(e) motion on January 3, 2023. He filed a notice of appeal on December 2 and again on December 30, 2022. He also filed a notice of appeal on January 3, the same day he filed his motion to supplement. The January 3 notice refers specifically to the district court's orders denying his motions for compassionate release, to supplement his plan for release, and for relief under Rule 59(e). According to the docket, the district court did not rule on his January 3,

2023 motion to supplement his Rule 59(e) motion.  It therefore falls outside the scope of his notices of appeal, and we lack jurisdiction to consider it.

(2) Review his reply to the Government's opposition to his compassionate release motion.

Mr. Bell's reply was filed on November 14, 2022, 11 days after the district court denied his motion for compassionate release.  On that same day, he also filed a motion to supplement his reply, which the district court deemed moot in a minute entry on November 18.  In its December 20 order denying Mr. Bell's Rule 59(e) motion, the district court said that under the Federal Rules of Criminal Procedure and the court's local rules, *see* N.D. Okla. Local Crim R. 47-2, it was "under no obligation to permit defendant the opportunity to respond to [the Government's opposition] to his § 3582(c) motion for miscellaneous relief."  ROA, Vol. I at 180.  Mr. Bell has not shown otherwise.  Also, any error was harmless because neither Mr. Bell's reply nor his motion to supplement the reply calls into question the district court's analysis of his sentence-disparity argument.

(3) Consider language from *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

Mr. Bell argues, as he did in his November 14, 2022 reply, that the district court did not consider the following language from *Concepcion v. United States*:

> The question in this case is whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.  The Court holds that they may.

11

142 S. Ct. at 2396. But the district court's order is consistent with this language. It found that, "[i]f sentenced today, defendant would be subject to the same § 3559(c)(1)(A) enhanced penalty as employed at his original sentencing." ROA, Vol. I at 134. Also, any error in not specifically discussing the passage from *Concepcion* was harmless because, as discussed above, there has been no intervening change of law or fact that would alter the status of Mr. Bell's prior state robbery crimes as violent felony offenses under § 3559(c)(2)(F).

(4) <u>Order the Government to send him a copy of its opposition to his compassionate release motion</u>.

Mr. Bell contends the district court should have ordered the Government to send him a copy of its opposition to his compassionate release motion once he informed the court in his November 14, 2022 motion to supplement his reply that he had not received it.[6] He contends this hampered his ability to present in his Rule 59(e) motion "what was (1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." Aplt. Br. at 9.

As noted above, the district court pointed out that Mr. Bell did not have a right to reply to the Government's opposition. Although Mr. Bell may have benefitted from having the Government's opposition to prepare his Rule 59(e) motion, he had in

---

[6] The Government certified that it mailed the opposition to Mr. Bell. ROA, Vol. I at 118. Mr. Bell explains that he relies on the Bureau of Prisons to deliver mail to him. Aplt. Br. at 9.

hand the court's order denying his compassionate release motion.  And he has not shown an intervening change in controlling law, new and previously unavailable evidence, or a clear error that may have altered the outcome on his motion.  So if there was error in not ordering the Government to send a copy of its opposition to the compassionate release motion to Mr. Bell, the error was harmless.

## III. **CONCLUSION**

We affirm the district court.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge