**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA

      Plaintiff - Appellee,

v.

AARON LEWIS, JR.,

      Defendant - Appellant.

No. 17-7033

---

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. Nos. 6:16-CV-00169-JHP and 6:10-CR-00065-JHP-1)**

---

Submitted on the briefs: Aaron Lewis, Jr., pro se.

---

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Petitioner Aaron Lewis, Jr., a federal prisoner acting *pro se*, seeks a certificate of appealability to appeal the district court's denial of his § 2255 petition.[1]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 2010, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Armed Career Criminal Act provides for an enhanced penalty for persons convicted of an offense under 18 U.S.C. § 922(g) who have three distinct prior convictions for either a violent felony or a serious drug offense. *See* 18 U.S.C. § 924(e)(1). The court found Petitioner to be an armed career criminal based on two prior drug convictions and one burglary conviction and sentenced him to 188 months of imprisonment. He did not appeal his conviction.

At the time of sentencing, the ACCA defined "violent felony" via three possible clauses:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another [use of force or elements clause]; or
(ii)  is burglary, arson, or extortion, involves use of explosives [enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . [residual clause].

18 U.S.C. § 924(e)(2)(B). In his habeas petition, filed in 2016, Petitioner seeks sentencing relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B). The gravamen of his argument is that he is entitled to *Johnson* relief because the necessary third prior conviction for burglary under Kansas statute 21-3715 only qualified as a violent felony under the now-void residual clause. Petitioner also contends that the district court erred in holding that *Mathis v. United States*, 136 S. Ct. 2243 (2016), is not retroactively applicable on collateral review.

2

In a § 2255 appeal, we "review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (quotation marks omitted). The habeas statute "allows a § 2255 motion to be filed within one year of 'the date on which the right asserted was initially recognized by the Supreme Court.'" *United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(3) (emphasis omitted)). *Johnson*'s holding that the § 924(e)(2)(B) residual clause is constitutionally invalid was made retroactive for all cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). "[I]n order to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of the record ultimately support the movant's claim." *Snyder*, 871 F.3d at 1126. Here, Petitioner invoked the newly recognized right in *Johnson* by arguing that the district court necessarily relied on the now-invalid residual clause in § 924(e)(2)(B) to determine his sentence. Because Petitioner filed his motion to vacate within a year of *Johnson*, his motion is timely under § 2255.

Petitioner has also adequately shown both cause and prejudice. His "*Johnson* claim was not reasonably available" during the time when he could have filed a direct appeal, and this "is sufficient to establish cause." *Snyder,* 871 F.3d at 1127-28; *see also United States v. Driscoll*, 892 F.3d 1127, 1131 (10th Cir. 2018). Moreover, if Petitioner is correct regarding his *Johnson* claim, he would no longer have the requisite number of predicate convictions for the ACCA sentencing enhancement. Given that a "sentence that is not authorized by law is certainly an 'actual and substantial disadvantage' of

3

'constitutional dimensions,'" *Snyder*, 871 F.3d at 1128 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)), Petitioner has demonstrated actual prejudice resulting from the alleged *Johnson* error, *Driscoll*, 892 F.3d at 1131-32. Thus, Petitioner's claim overcomes any procedural default. *See Snyder*, 871 F.3d at 1127-28; *Driscoll*, 892 F.3d at 1132.

Notwithstanding this preliminary analysis, we will only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In § 2255 motions where an unconstitutional reliance on the § 924(e)(2)(B) residual clause is asserted, the burden is on the defendant to "prove that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA." *Driscoll*, 892 F.3d at 1135 ; *see also United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) ("[W]e hold  the burden is on the defendant to show by a preponderance of the evidence—*i.e.*, that it is more likely than not—his claim relies on *Johnson*.").

Petitioner's only argument is that his 1991 conviction for Kansas burglary no longer qualifies a valid ACCA predicate, post-*Johnson*. The sentencing court did not articulate which of the three § 924(e)(2) clauses it relied upon to conclude that Petitioner's burglary conviction constituted a "violent felony" under the ACCA. In the

absence of a clear pronouncement, we must review the sentencing record and the "relevant background legal environment at the time of sentencing" in 2011 to determine whether the sentencing court's analysis likely relied on the residual clause. *Snyder,* 871 F.3d at 1129 (citation omitted).

When Petitioner was convicted of violating the Kansas burglary statute in 1991, this statute provided:

> Burglary is knowingly and without authority entering into or remaining within any: (1) Building, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein. Burglary as described in subsection (1) is a class D felony. Burglary as described in subsection (2) is a class E felony.

Kan. Stat. Ann. § 21-3715 (1990). Under the enumerated clause of 18 U.S.C. § 924(e)(2)(B)(ii), generic burglary is a predicate crime of violence. "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

Both subsections of this statute appear to go beyond the generic burglary definition by including tents or other places besides buildings. *See United States v. Scoville*, 561 F.3d 1174, 1178 (10th Cir. 2009) (holding that an Ohio trespassing statute went beyond generic burglary because it included "watercraft and tents"). Under the "relevant background legal environment" at the time of sentencing, it "would have been permissible for the district court to examine the underlying charging documents and/or

5

jury instructions to determine if [Petitioner] was charged only with burglary of buildings." *Snyder*, 871 F.3d at 1130; *see also, e.g.*, *Taylor*, 495 U.S. at 602; *Shepherd v. United States*, 544 U.S. 13, 16 (2005) ("[A] later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."); *Scoville*, 561 F.3d at 1178 (applying modified categorical approach to state statute that included unlawful entry into tents, vehicles, and buildings in order to determine whether defendant was charged with entering a building). The charging documents in this case readily answer this question. According to the information, Petitioner "unlawfully, feloniously, willfully, knowingly and without authority enter[ed] into and remain[ed] within a building . . . with the intent to commit a theft therein, contrary to K.S.A. 21-3715, (Burglary), a class D felony." (R. Vol. I at 41.) Thus, based on the charging documents, "there would have been little dispute at the time of . . . sentencing that" Petitioner's burglary conviction fell within the scope of the ACCA's enumerated offenses clause. *Snyder*, 971 F.3d at 1129. Petitioner has not met his burden in showing that the sentencing court more likely than not relied on the residual clause in classifying his Kansas burglary as a predicate crime of violence and, thus, has not established a *Johnson* error.

However, after reviewing the district court's order and the relevant case law, we acknowledge that reasonable jurists could debate whether the district court erred in declining to retroactively apply *Mathis v. United States*, 136 S. Ct. 2243 (2016), on collateral review. *Slack*, 529 U.S. at 484; *see United States v. Taylor*, 672 F. App'x 860,

6

864-65 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, [Petitioner] cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final."); *Sandlain v. English*, 714 F. App'x 827, 831 (10th Cir. 2017) ("*Mathis* has not been made retroactive to cases on collateral review by the Supreme Court."); *United States v. Couchman*, 720 F. App'x 501, 507 n. 4 (10th Cir. 2018) ("Couchman relies on *Mathis* . . . but [it was] decided after his sentencing hearing. The 'relevant background legal environment' does not include such 'post-sentencing decisions.'"); *but see, e.g., United States v. Degeare*, 884 F.3d 1241 (10th Cir. 2018) (applying *Mathis* retroactively on collateral review of a 2014 ACCA sentence); *United States v. Hamilton*, 889 F.3d 688 (10th Cir. 2018) (applying *Mathis* retroactively on collateral review of a 2005 ACCA sentence); *United States v. Pacheco*, 730 F. App'x 604 (10th Cir. 2018) (applying *Mathis* retroactively on collateral review of a 2005 ACCA sentence); *United States v. Bouziden*, 725 F. App'x 653 (10th Cir. 2018) (applying *Mathis* retroactively on collateral review of a 2008 ACCA sentence). We grant a COA on this ground.

The applicability of *Mathis* and other post-sentencing law depends on the stage of *Johnson* review that the court is undertaking. As we previously stated in <u>United States v. Wilfong</u>, <u>2018 WL 1617654 (10th Cir. 2018)</u>:

> <u>[T]he two parts of our Johnson analysis present different inquiries.</u>
> <u>The first question asks, *as a matter* of historical fact</u>, whether the sentencing court relied on the residual clause in imposing the ACCA sentence. . Our sole objective at that first stage of the analysis is to determine what the sentencing court did—even if that decision would be erroneous under current law. The answer to this question determines whether the movant is entitled to seek relief under *Johnson* at all. In

7

contrast, the second part of our analysis tasks us with deciding whether an identified error is harmless *as a matter of law*. That is, we must decide whether the sentencing court's reliance on the now-invalidated residual clause prejudiced the movant. Our determination is not what the sentencing court did; it is whether the classification of the movant as an armed career criminal is correct. The government bears the burden of proof on this issue. . . . . [W]e do not defer to the sentencing court's classification of offenses as violent felonies on harmless error review [because] unlike the sentencing court's historical basis for its imposition of an ACCA statute, our analysis of the correctness of the ACCA sentence occurs under current law.

*Wilfong*, 2018 WL 1617654, at *5 (emphases in original) (internal citations omitted); *see also Driscoll*, 892 F.3d at 1132, 1136. At the first stage, we are concerned with looking at the law at the time of the movant's sentencing to determine whether a *Johnson* error actually occurred. If a *Johnson* error is established, we then turn to harmless error analysis. We apply current law at this second stage because *Johnson* harmless error review goes to the question of remedies and resentencing: is the movant entitled to a reduced sentence because his ACCA enhancement was based on the now-invalid residual clause? Or would a sentencing judge, applying current law, determine that the movant's conviction(s) still qualifies as a crime of violence under one or both of the still-valid ACCA clauses and re-sentence him to the same length of imprisonment? *See United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996) ("As this court has held, when a defendant's sentence is vacated on appeal and remanded for new sentencing, the lower court must begin anew with *de novo* proceedings."); *United States v. Ziegler*, 39 F.3d 1058, 1064 (10th Cir. 1994) (When we "remand[] for resentencing, the district court will be governed by the guidelines in effect at the time of resentence . . . unless such an application would violate the ex post facto clause of Article I, section 9, of the

Constitution."); *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1224 (10th Cir. 2005) (an error is harmless where we can determine from the record that the result would be the same if resentencing occurred: "A remand would needlessly burden the district court and counsel with another sentencing proceeding, which we know would produce the same result."). Our application of current law during the harmless error analysis answers those implied questions. If a movant would still receive an ACCA enhancement at resentencing, the sentencing court's original reliance on the now-invalid residual clause was harmless.

We grant COA now because we recognize that our cases have not always explicitly signaled which stage of *Johnson* review we are undertaking when applying *Mathis* upon collateral review. Where a sentencing court does not indicate whether or not it relied on the now-unconstitutional residual clause, our collateral review must "loo[k] to the relevant background legal environment at the time of sentencing" to make an initial determination of whether the movant has established a *Johnson* error. *Snyder*, 871 F.3d at 1129. As *Snyder* makes clear: "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing and *does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions.*" *Id.* (emphasis added). *Mathis* and other current, post-sentence cases are only applicable at the harmless error stage of review, once the movant has established the existence of a *Johnson* error. To the extent that any of our recent case law applying *Mathis* can be read as doing so during the initial, historical analysis of whether a *Johnson* error occurred,, it is not controlling, as this circuit follows the earlier,

9

settled precedent. *See, e.g., United States v. Sabillon-Umana*, 772 F.3d 1328, 1334 n.1 (10th Cir. 2014).

Having granted the COA, we nevertheless deny Petitioner's appeal on the merits. Though Petitioner asserted a timely *Johnson* claim, he has not successfully established a *Johnson* error, meaning that our analysis never progresses beyond the initial, historical evaluation of the sentencing court's decision. Petitioner was sentenced in 2010. *Mathis* was decided in 2016. Because *Mathis* is a "post-sentencing decision" that was not part of the "controlling law . . . at the time of sentencing," we do not apply it on collateral review at this stage of the analysis.

We therefore **GRANT** Petitioner's request for a certificate of appealability, and **AFFIRM** the district court's decision on the merits.