FILED
United States Court of Appeals
Tenth Circuit

June 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN ANZURES,

    Defendant - Appellant.

No. 18-2115
(D.C. Nos. 1:16-CV-00697-JCH-LF &
1:10-CR-03461-JCH-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

John Anzures seeks a certificate of appealability (COA) to challenge the

district court's denial of his motion to vacate, set aside, or correct his sentence under

28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of

relief under § 2255).  Because Anzures has failed to satisfy the standard for issuance

of a COA, we deny his request and dismiss this matter.

To obtain a COA, Anzures must make "a substantial showing of the denial of a

constitutional right." *Id.* § 2253(c)(2).  A substantial showing means that "reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## I.     BACKGROUND

In 2012, Anzures entered a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The parties stipulated in the plea agreement that if Anzures was determined to be an armed career criminal, the court would sentence him to 15 years in prison, the mandatory minimum sentence, *see id.* § 924(e)(1).  Based on Anzures' criminal record, as stipulated in the plea agreement, the district court determined that Anzures was a career criminal and sentenced him to 15 years in prison, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  He did not appeal his sentence.

The ACCA defines a violent felony as one that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause]; or

(ii)     is burglary, arson, or extortion, involves use of explosives [the enumerated-offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

*Id.* § 924(e)(2)(B).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause is unconstitutionally vague.  *Id.* at 2256-57, 2563.  The Supreme Court later held that *Johnson* is retroactive in cases on collateral review, allowing defendants previously sentenced under the ACCA's residual clause to challenge their sentences.

2

*Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).[1]  Anzures' § 2255 motion asserts

that after *Johnson*, his prior New Mexico conviction for commercial burglary cannot

support an ACCA enhanced sentence.  He also asserts that three other prior felony

convictions—two for aggravated assault and one for aggravated battery—do not satisfy

the ACCA's requirement of "the use, attempted use, or threatened use of physical force

against the person of another," so cannot support his enhanced sentence.  Adopting the

recommendation of a magistrate judge, the district court denied the motion and denied a

COA.

## II.     COMMERCIAL BURGLARY

Anzures argues that his conviction for commercial burglary fell within the

unconstitutionally vague residual clause and cannot support his ACCA sentence in light

of *Johnson*.  We engage in a two-part analysis of a *Johnson* claim.  First, we consider,

"*as a matter of historical fact*, whether the sentencing court relied on the residual clause

in imposing the ACCA sentence." *United States v. Lewis*, 904 F.3d 867, 872 (10th Cir.

2018) (internal quotation marks omitted).  In doing so, we "determine what the

sentencing court did—even if that decision would be erroneous under current law." *Id.*

(internal quotation marks omitted).  Second, we determine "whether an identified error is

harmless *as a matter of law*.  That is, we must decide whether the sentencing court's

reliance on the now-invalidated residual clause prejudiced the movant." *Id.* (internal

quotation marks omitted).

---

[1] Anzures filed his § 2255 motion to vacate his sentence within a year of *Johnson*, so his motion is timely.  *See United States v. Lewis*, 904 F.3d 867, 870 (10th Cir. 2018).

"The § 2255 movant bears the burden of proving by a preponderance of the evidence that it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *United States v. Copeland*, 921 F.3d 1233, 1242 (10th Cir. 2019) (internal quotation marks omitted). The district court did not hold an evidentiary hearing on the § 2255 motion to make factual findings, so we review the order denying relief de novo. *Id.* at 1241. In reviewing the district court's "ultimate determination of whether [the] sentencing court relied on the residual clause[,] [w]e review the district court's factual determinations about the sentencing record for clear error and the legal conclusions about the relevant background legal environment de novo." *Id.* at 1242 (internal quotation marks omitted).

> To determine whether the sentencing court relied on the residual clause, we examine (1) the sentencing record to confirm that there is no mention whatsoever of the residual clause in the [pre-sentence report] or any of the other sentencing court pleadings or transcripts, and (2) the relevant background legal environment at the time of sentencing to determine whether the district court would have needed to rely on the residual clause.

*Id.* (internal quotation marks omitted). Here, the sentencing record does not indicate the court's reasons for imposing an ACCA sentence, so we evaluate the "relevant background legal environment," which is "a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions," *United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1696 (2018).[2]

---

[2] Anzures argues that *Snyder* is irrelevant to this case and its application perpetuates the error that post-sentencing opinions cannot correct an earlier mistake. We

The sentencing court counted as an ACCA predicate felony Anzures' conviction for commercial burglary. The relevant background legal environment in 2012 when Anzures was sentenced provided that for a conviction to qualify as a "burglary" under the ACCA's enumerated-offenses clause, it must contain the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Also relevant to the background is this court's holding prior to Anzures' 2012 sentencing that a conviction under New Mexico's burglary statute qualified as a violent felony. *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010), *abrogated by Mathis v. United States*, 136 S. Ct. 2243 (2016).

The defendant in *Ramon Silva* had been convicted under N.M. Stat. Ann. § 30-16-3(B) for "*enter[ing] a structure, a shed*, located at 2024 Nancy SW, without authorization or permission, with intent to commit any felony or a theft therein." *Id.* at 666. Anzures pled guilty to violating the same statute, having been charged with "*enter[ing] a structure, New Mexico Storage and Lock*, located at 220 Isletta SW, without authorization or permission, with intent to commit any felony or a theft therein." R. Vol. 1, at 58 (emphasis added).

---

disagree for two reasons. First, we have repeatedly used the *Snyder* paradigm in post-conviction cases alleging *Johnson* errors. *See, e.g., Copeland*, 921 F.3d at 1242; *United States v. Driscoll*, 892 F.3d 1127, 1133 (10th Cir. 2018); *Lewis*, 904 F.3d at 873. Second, one panel of this court cannot ignore binding precedent from a prior panel. *See United States v. Badger*, 818 F.3d 563, 569 (10th Cir. 2016).

In *Ramon Silva*, this court rejected the defendant's argument that a shed did "not satisfy the 'building or other structure' element in generic burglary," 608 F.3d at 666, holding that "the 'building or other structure' element of generic burglary encompasses those burglaries that have been committed in a building or enclosed space, not in a boat or motor vehicle," *id.* at 668 (ellipsis and internal quotation marks omitted). *See also United States v. King*, 422 F.3d 1055, 1058-59 (10th Cir. 2005) (holding that New Mexico commercial burglary conviction for "enter[ing] a *structure*, American Self-Storage Unit #136, without authorization or permission, with intent to commit a theft therein" "established the generic elements of burglary" (ellipsis and internal quotation marks omitted)).

In view of this background legal environment, "there would have been little dispute at the time of [Anzure's] sentencing that his [New Mexico commercial burglary conviction] fell within the scope of the ACCA's enumerated crimes clause." *Snyder*, 871 F.3d at 1129. Therefore, Anzures has not established by a preponderance of the evidence that the sentencing court relied on the residual clause to categorize his commercial burglary conviction as an ACCA predicate offense.

Anzures makes several arguments based on *Mathis* and other opinions announced after he was sentenced in 2012. But at this stage, the inquiry is whether a reasonable jurist could conclude that Anzures has established a *Johnson* error—that the sentencing court more likely than not relied on the ACCA's residual clause. *Lewis*, 904 F.3d at 870-71. Our conclusion that Anzures has not made the requisite showing ends the inquiry. "*Mathis* and other current, post-sentence cases are only

6

applicable at the harmless error stage of review, once the movant has established the existence of a *Johnson* error." *Id.* at 873. Accordingly, Anzures has failed to make the showing necessary for issuance of a COA.

## III. REMAINING NEW MEXICO PRIOR FELONIES

Anzures asserts that his prior convictions for aggravated assault and aggravated battery were not violent felonies so they cannot support his ACCA sentence. Because these convictions are not for offenses enumerated in § 924(e)(2)(B)(ii), we examine them under the elements clause in § 924(e)(2)(B)(i). *See United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017).

We review de novo the legal question of "[w]hether a prior conviction satisfies the ACCA's violent felony definition." *United States v. Titties*, 852 F. 3d 1257, 1263 (10th Cir. 2017). Again, Anzures must first establish *Johnson* error, meaning that the sentencing court more likely than not relied on the residual clause when it sentenced him under the ACCA.

### A. New Mexico Aggravated Assault

Anzures has two prior convictions for aggravated assault that the district court counted as ACCA predicate felonies. He contends these convictions do not have as an element the use, attempted use, or threatened use of physical force against the person of another, and therefore, they cannot be used to enhance his sentence.

The relevant New Mexico statute states:

Aggravated assault consists of either:

A. unlawfully assaulting or striking at another with a deadly weapon;

7

B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or

C. willfully and intentionally assaulting another with intent to commit any felony.

Whoever commits aggravated assault is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-3-2.

To determine whether the prior convictions for aggravated assault under New Mexico law satisfy the elements clause of the ACCA, we "apply the categorical approach and examine only the elements of the offense, without regard to [Anzures'] specific conduct." *United States v. Maldonado-Palma*, 839 F.3d 1244, 1248 (10th Cir. 2016) (10th Cir. 2016). Accordingly, "we consider only whether the statute of conviction required proof of the use, threatened use or attempted use of physical force[, which] means '*violent* force—that is, force capable of causing physical pain or injury to another person.'" *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Curtis Johnson*) (further citation and internal quotation marks omitted). "[G]uilty pleas may establish predicate offenses" for ACCA purposes, so long as the criminal statute that forms the basis for the predicate offense is divisible. *See Shepard v. United States*, 544 U.S. 13, 19-21 (2005) (plurality); *see also Taylor*, 495 U.S. at 602; *United States v. Ventura-Perez*, 666 F.3d 670, 674-76 (10th Cir. 2012). In the plea agreement in the underlying criminal case, Anzures acknowledged that both of his relevant aggravated-assault convictions were for the deadly-weapon version of aggravated assault, Suppl. R. at 18, so we consider § 30-3-2(A).

8

In *Maldonado-Palma*, we held "that aggravated assault with a deadly weapon under N.M. Stat. Ann. 30-3-2(A) is categorically a crime of violence." *Id.* at 1250. Although the court in *Maldonado-Palma* applied the elements clause of § 2L1.2 of the United States Sentencing Guidelines, the relevant language of the Guideline is similar to that of the ACCA. *See* U.S.S.G. § 2L1.2 cmt. n.2 (including in definition of "crime of violence" an offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another"). This similarity is instructive "in determining whether a conviction qualifies as a violent felony." *Ramon Silva*, 608 F.3d at 671 (internal quotation marks omitted). Further, even though Anzures was sentenced before we decided *Maldonado-Palma*, the decision's reasoning is sound. Therefore, Anzures has not shown that it is more likely than not that, at the time of his sentencing, the district court would have conducted a different analysis and sentenced him under the residual clause of the ACCA.

Anzures maintains that our cases interpreting N.M. Stat. Ann. 30-3-2(A) are no longer good law because *State v. Branch*, 2018-NMCA-031, ⁋ 21, 417 P.3d 1141, 1149, *cert. denied* (Mar. 16, 2018), demonstrates that aggravated assault does not require a specific intent to use a deadly weapon "against the person of another." Thus, he asserts, his convictions cannot support an ACCA sentence. But *Branch*'s holding that aggravated assault is a general-intent crime does not alter the applicable law. As *Ramon Silva* recognized, "aggravated assault does not require proof of a specific intent to assault the victim, or of a specific intent to injure or even frighten the victim[; thus confirming] that aggravated assault is not a specific intent crime, but

9

rather is a general intent crime." 608 F.3d at 673 (brackets, citations, and internal quotation marks omitted). The offense is a violent felony because it requires "unlawfully assaulting or striking at another," § 30-3-2(A), employing a deadly weapon, *Maldonado-Palma*, 839 F.3d at 1250, with general criminal intent, *see Ramon Silva*, 608 F.3d at 673, all of which at least threatens the use of physical force against the person of another. Therefore, Anzures' two convictions for aggravated assault qualified as predicate felonies under the ACCA's elements clause, and he has not made the showing required for issuance of a COA.

## B. New Mexico Aggravated Battery

Anzures objects to the use of his prior conviction for aggravated battery to enhance his sentence. We need not consider whether this conviction qualifies under the ACCA, however. Even without this conviction, Anzures has three previous convictions for violent felonies—one for commercial burglary and two for aggravated assault—so his mandatory minimum sentence was 15 years in prison. *See* 18 U.S.C. § 924(e)(1) (providing that "a person who violates [18 U.S.C.] section 922(g) . . . and has three previous convictions . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years").

10

**IV. CONCLUSION**

Anzure's request for a COA is denied and this matter is dismissed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge