## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS JAY LUCERO,

    Defendant - Appellant.

No. 20-1323
(D.C. Nos. 1:20-CV-00727-JLK &
1:15-CR-00113-JLK-2)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Thomas Jay Lucero seeks a certificate of appealability (COA) to challenge the

district court's denial of his 28 U.S.C. § 2255 motion. The district court denied his

motion on the merits and declined to issue a COA. We deny his application and dismiss

this matter.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Lucero filed an opening brief, but he did not file an application for a COA. In such cases, we treat the notice of appeal as a request for a COA. *See* Fed. R. App. P. 22(b)(2) ("If no express request for a [COA] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

## I. BACKGROUND

This case involves the mandatory minimum seven-year sentence that 18 U.S.C. § 924(c)(1)(A)(ii) provides for an offender who brandishes a firearm "during and in relation to any crime of violence." The statute defines "crime of violence" as "an offense that is a felony" and either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). Paragraph (A) of this definition is known as the "elements clause" and paragraph (B) is known as the "residual clause."

Lucero was indicted on three counts: Count 1, conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; Count 2, bank robbery, or aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and Count 3, possessing and brandishing a firearm in furtherance of a bank robbery, or aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (the "924(c) conviction"). In 2016, Lucero pled guilty to Counts 1 and 3, and in exchange the government agreed to dismiss Count 2. The Count 3 conviction triggered § 924(c)(1)(A)(ii)'s mandatory seven-year sentence, which the court imposed consecutive to 60 months' imprisonment on Count 1.

More than three years after sentencing, Lucero filed a pro se § 2255 motion. He contended that his § 924(c) conviction was improper in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that § 924(c)(3)'s residual clause was unconstitutionally vague. *Id.* at 2336. Alleging that his conviction on

Count 1 for conspiracy to commit bank robbery formed the predicate offense for the § 924(c) conviction,[2] Lucero argued that the conspiracy conviction could qualify as a crime of violence only under the residual clause. And because *Davis* deemed the residual clause unconstitutional, he asked the court to vacate his § 924(c) conviction.[3]

The government agreed that, based on *Davis*, the conspiracy conviction did not qualify as a crime of violence. But it argued that Lucero's guilty plea on Count 3 involved the Count 2 bank robbery charge, and that offense, the government contended, was a crime of violence under § 924(c)(3)'s elements clause. Consequently, the government concluded, Lucero's § 924(c) conviction was proper.[4]

The district court appointed counsel for Lucero, who filed a supplement and reply in support of Lucero's pro se § 2255 motion. Counsel argued that conspiracy to commit bank robbery (the Count 1 conviction) did not qualify as a crime of violence under the elements clause and that nothing else in the record suggested the elements clause applied.

The district court denied the motion. The court first concluded (and no one disputes) that the conspiracy conviction failed to qualify as a crime of violence. It then determined the § 924(c) conviction was predicated on the Count 2 bank robbery charge

---

[2] Lucero appears to have based this premise on the fact that he pled guilty to Count 1 but not Count 2.

[3] In this regard, *Davis* is "retroactively applicable to cases on collateral review." *United States v. Bowen*, 936 F.3d 1091, 1100 (10th Cir. 2019).

[4] The government also argued that Lucero's petition was untimely unless he had a valid *Davis* claim. The district court did not address timeliness but instead denied the motion on the merits. We likewise do not address timeliness.

3

because in the plea agreement, the parties had agreed that one of the elements of the § 924(c) conviction was that Lucero "committed the crime of Bank Robbery as alleged in court 2, or aided and abetted the commission thereof, which is a crime of violence," R., Vol. I at 38. Count 2 alleged Lucero had committed bank robbery "in violation of [18 U.S.C. ] Section 2113(a) and (d) and Section 2." *Id.* at 23. The court therefore concluded that "the predicate crime of violence for Mr. Lucero's conviction must have been armed bank robbery." *Id.* at 126.[5]

The court then proceeded to analyze the statutory components of armed bank robbery. Section 2113(a) criminalizes bank robbery as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned for not more than twenty years, or both.

And in relevant part, § 2113(d) increases the maximum term of imprisonment to twenty-five years for an offender who "in committing, or in attempting to commit, any

---

[5] An offense involving §§ 2113(a) and (d) is referred to as "armed bank robbery." *See, e.g.*, *United States v. Adams*, 751 F.3d 1175, 1178 (10th Cir. 2014) ("Defendant was indicted on one count of armed bank robbery under 18 U.S.C. §§ 2113(a) and 2113(d).").

4

offense defined in subsection[] (a) . . . of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."

The district court observed that § 2113(a) is divisible.[6] The court therefore applied the modified categorical approach, examined the indictment and plea agreement, and determined that Lucero's admission to having committed the bank robbery charged in Count 2 was consistent with robbery by "force and violence, or by intimidation" described in § 2113(a)'s first paragraph. The court then concluded that armed bank robbery is categorically a crime of violence under § 924(c)(3)'s elements clause based on several unpublished opinions from this court. *See* R., Vol. I at 127 (citing *United States v. Rinker*, 746 F. App'x 769, 771-72 (10th Cir. 2018), *United States v. Higley*,

---

[6] A divisible "statute sets out one or more elements of the offense in the alternative" and permits use of a "modified categorical approach . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In contrast, an indivisible statute "sets out a single . . . set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In the latter case, a sentencing court employs the "categorical approach," under which courts "look only to the fact of conviction and the statutory definition of the [predicate] offense, and do not generally consider the particular facts disclosed by the record of conviction." *Bowen*, 936 F.3d at 1102 (internal quotation marks omitted). The task is to "compare the scope of conduct covered by the elements of the crime with § 924(c)(3)(A)'s definition of 'crime of violence.'" *Id.* (ellipsis and some internal quotation marks omitted). But when faced with a divisible statute, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. The court then must "do what the categorical approach demands," *Descamps*, 570 U.S. at 257: determine whether the predicate offense "sweeps more broadly" than the elements clause, thus not "count[ing] as a[] . . . predicate" offense, or whether it either matched that clause or "define[d] the crime more narrowly," thereby qualifying as a predicate offense. *Id.* at 261.

726 F. App'x 715, 717 (10th Cir. 2018), and *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018)).

The district court further noted it was of no consequence that Lucero was not convicted of bank robbery or might have only aided and abetted the bank robbery.[7]

Finally, the court denied Lucero a COA.

## II. STANDARD OF REVIEW

Before he may appeal, Lucero must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). To do so, Lucero must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court denied his § 2255 motion on the merits, Lucero can make the required showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. DISCUSSION

Lucero agrees with much of the district court's analysis but argues the court went astray after determining that § 2113(a) is divisible and that the first paragraph of § 2113(a) was relevant to his § 924(c) conviction. He asserts the court overlooked that

---

[7] Before us, Lucero acknowledges that these rulings are correct based on *United States v. Hill*, 971 F.2d 1461, 1464 (10th Cir. 1992) (en banc) ("While proof of the underlying crime is necessary to convict under § 924(c), a defendant need not be convicted of the underlying crime in order to be convicted of § 924(c)."), and *United States v. Deiter*, 890 F.3d 1203, 1211-14 (10th Cir. 2018) (holding that aiding and abetting bank robbery under §§ 2113(a) and 2 is a "violent felony" within the meaning of the similarly-worded definition of that term in the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)). *See also* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").

the first paragraph of § 2113(a) contains two different means of robbing a bank: (1) through the use of "force and violence, or by intimidation" and (2) "by extortion." *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (distinguishing statutes that "enumerate[] various factual *means* of committing a single element" from divisible statutes that set forth alternative elements and thus create "two different offenses" (emphasis added)); *id.* at 2252-53 (prohibiting use of modified categorical approach to determine which "means" a predicate conviction involved).  That, he concludes, makes § 2113(a)'s first paragraph indivisible, thus requiring the categorical approach.  And under that approach, the least culpable conduct—bank robbery by extortion—is not a crime of violence under § 924(c)'s elements clause because it can be accomplished using only fear, not violent physical force.  *See* 10th Cir. Crim. Pattern Jury Instr. 2.70 (providing that "extortion" for purposes of Hobbs Act robbery can be accomplished "by wrongful use of actual or threatened force, violence, *or fear*" (emphasis added)); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018) (holding that the term "physical force" in § 924(c)(3)'s elements clause "means *violent* force—that is, force capable of causing physical pain or injury to another person" (internal quotation marks omitted)).

Lucero, however, never raised this argument in the district court, and he has not argued for plain error review by this court.  He has therefore waived appellate review of what would be the determinative issue in this case.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).  Consequently, we could deny the request for a COA on this basis alone.

But even if Lucero had not waived his "means" argument or a merits panel of this court would choose to overlook the waiver, reasonable jurists could not debate the correctness of the district court's decision under what would be a de novo standard of review. *See Melgar-Cabrera*, 892 F.3d at 1060 ("We review de novo the district court's interpretation of § 924(c) and its legal conclusion that a particular offense constitutes a crime of violence.").[8]

Lucero's "means" argument presumes that the predicate offense was simple bank robbery as described solely in the first paragraph of § 2113(a), that is, without regard to

---

[8] Conceptually, "our analysis of a motion seeking relief on the basis of *Davis* proceeds in two stages. The first question asks, as a matter of historical fact, whether the sentencing court relied on § 924(c)'s residual clause in accepting the plea and imposing a sentence." *United States v. Muskett*, 970 F.3d 1233, 1238 n.6 (10th Cir. 2020) (emphasis, brackets, and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1710 (2021). "Where," as here, "a sentencing court does not indicate whether or not it relied on the now-unconstitutional residual clause, our collateral review must look to the relevant background legal environment at the time of sentencing to make an initial determination of whether the movant has established a [*Davis*] error." *United States v. Lewis*, 904 F.3d 867, 873 (10th Cir. 2018) (brackets and internal quotation marks omitted). "Only if the answer is yes do we proceed to the second stage, a harmless error analysis that asks whether the movant's predicate crime separately qualifies under § 924(c)'s still-valid elements clause." *Muskett*, 970 F.3d at 1238 n.6. "The relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *Lewis*, 904 F.3d at 873 (emphasis, brackets, and internal quotation marks omitted). "*Mathis* and other current, post-sentence cases are only applicable at the harmless error stage of review, once the movant has established the existence of a [*Davis*] error." *Id.*

Lucero has not structured his argument in this manner, but we construe his argument as an effort to show the predicate bank robbery offense did not qualify as a crime of violence under the elements clause at the time of his conviction, and when viewed against the relevant background legal environment at the time of his conviction, the district court could only have relied on the residual clause as the basis for his § 924(c) conviction.

the § 2113(d) aspect of the offense, which he largely ignores. Plainly, that is not the case. As discussed above, in his plea agreement, Lucero agreed his § 924(c) conviction was predicated on bank robbery as charged in Count 2, which, by its reference to "Section 2113(a) *and* (d)," R., Vol. I at 23 (emphasis added), alleged he had committed armed bank robbery. And robbery by extortion is *not* a means or an element of committing armed bank robbery.[9] To the contrary, a conviction for "armed bank robbery" requires, among other things, that the government prove "the defendant took or attempted to take, money belonging to a bank, credit union, or any savings and loan association . . . by using force and violence, or intimidation." *United States v. Davis*, 437 F.3d 989, 993 (10th Cir. 2006); *see* 10th Cir. Crim. Pattern Jury Instr. 2.77 (including options for "force and violence" and "intimidation" but not extortion among elements of bank robbery where "subsections (a) *and (d)* [are] alleged in the same count" (emphasis added) (capitalization omitted)).

Notably absent from the requirements for armed bank robbery is any reference to a taking "by extortion," as the first paragraph of § 2113(a) permits. Indeed, we have previously rejected a similar "by extortion" argument in an unpublished decision the district court relied on. *See Lloyd*, 741 F. App'x at 573 (concluding that armed bank robbery is categorically a crime of violence because it requires "the use of a dangerous weapon or device to either assault a person or jeopardize his life," which "necessarily

---

[9] We note that a number of circuits that have considered § 2113(a)'s first paragraph have concluded that robbery and extortion are alternative *elements* of a § 2113(a) offense, not alternative means. *See King v. United States*, 965 F.3d 60, 69 (1st Cir. 2020) (collecting cases). We need not address that issue in this case.

9

threatens the use of violent force" (internal quotation marks omitted)).  We agree with *Lloyd*.[10]  Put simply, one cannot commit armed bank robbery without the use of violent force.  That rules out the commission of armed bank robbery through extortion by fear.  Thus, armed bank robbery is categorically a "crime of violence" within the definition of that term in § 924(c)(3)'s elements clause.  Accordingly, reasonable jurists could not debate that Lucero failed to establish that his § 924(c) conviction relied on the residual clause, and he therefore is not entitled to relief under *Davis*.  *See supra*, note 8.

## IV.  CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[10] Although *Lloyd* is unpublished, we have considered it for its persuasive value consistent with 10th Cir. R. 32.1.