FILED
United States Court of Appeals
Tenth Circuit

December 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENNETH STIGER,

       Petitioner - Appellant,

v.

WARDEN J. OLIVER,

       Respondent - Appellee.

No. 14-1351
(D.C. No. 1:14-CV-01567-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Kenneth Stiger was convicted of crimes related to drug distribution and was sentenced to life in prison. He filed a 28 U.S.C. § 2255 motion challenging his convictions and sentence. The district court denied the § 2255 motion in 2009. Earlier this year, Mr. Stiger filed a motion seeking relief pursuant to 28 U.S.C. § 2241. The district court determined, however, that Mr. Stiger was challenging the validity of his sentence and therefore he needed to raise his claims in a § 2255 motion. In response to the district court's show cause order, Mr. Stiger failed to demonstrate that his claims could not have been raised in an initial § 2255 motion.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Instead, he requested that the district court construe his § 2241 motion as a request to file a second or successive § 2255 motion. In its order dismissing Mr. Stiger's motion for lack of jurisdiction, the district court explained that it lacked authority to authorize the filing of a second or successive § 2255 motion and that such a request must be made to the court of appeals.

Mr. Stiger filed a notice of appeal from the district court's dismissal and requested a certificate of appealability (COA). But Mr. Stiger never filed a brief in support of his COA request. Instead, he filed a brief requesting permission for leave to file a successive motion under 28 U.S.C. § 2255, and a motion for leave to proceed on appeal without costs and fees ("IFP motion"). Because Mr. Stiger has not presented any argument to support the granting of a COA, we deny his COA request and his IFP motion.

We have considered his request for authorization to file a successive § 2255 motion and we conclude that it must also be denied. Mr. Stiger contends that he is entitled to authorization based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). But the Supreme Court has not made *Alleyne* retroactively applicable to cases on collateral review and therefore it does not satisfy the requirement for authorization in 28 U.S.C. § 2255(h)(2). *See In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013). This denial of authorization "shall not be

appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk