**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENNETH WAYNE STIGER,

    Defendant - Appellant.

No. 19-5073
(D.C. Nos. 4:16-CV-00449-CVE-PJC &
4:00-CR-00126-CVE-7)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Kenneth Wayne Stiger filed a 28 U.S.C. § 2255 motion, claiming his life sentence

for conspiracy to possess with intent to distribute controlled substances violates his due

process and Eighth Amendment rights. The district court denied the motion but granted a

certificate of appealability (COA) on the due process claim. Stiger now appeals the

denial of his due process claim and seeks a COA to challenge the denial of his Eighth

Amendment claim. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

affirm the denial of Stiger's due process claim. We also deny a COA on the Eighth Amendment claim. *See id.* § 2253(c)(1)(B).

I

A federal jury convicted Stiger of conspiring to possess with intent to distribute controlled substances and conspiring to launder money. The drug conspiracy was punishable by ten years to life in prison, but because Stiger had two prior felony drug convictions from California, the mandatory statutory minimum sentence was increased to life in prison. *See* 21 U.S.C. § 841(b)(1)(A). Accordingly, the district court sentenced Stiger to life in prison on the drug conspiracy and a concurrent twenty-one year term on the money laundering conspiracy. We affirmed the convictions and sentence but remanded for a hearing on an attorney-conflict-of-interest issue. *See United States v. Stiger*, 413 F.3d 1185, 1194-95, 1199 (10th Cir. 2005), *abrogated in part on other grounds by Alleyne v. United States*, 570 U.S. 99, 108 (2013). The district court subsequently rejected the attorney-conflict issue, and we affirmed, *see United States v. Stiger*, 251 F. App'x 508, 512 (10th Cir. 2007). Thereafter, the district court denied Stiger's § 2255 motion, and we dismissed his untimely attempt to appeal, *see* R. at 343-44, *United States v. Stiger*, No. 10-5011 (10th Cir. Mar. 29, 2010). Stiger also filed a 28 U.S.C. § 2241 petition, which the district court dismissed as an unauthorized second or successive § 2255 motion, and we later denied a COA and denied his motion for authorization to file a second or successive § 2255 motion, *see Stiger v. Oliver*, 586 F. App'x 485, 485-86 (10th Cir. 2014).

2

Stiger then brought his present § 2255 motion, arguing that California law had reclassified one of his prior felony convictions as a misdemeanor.[1]  Specifically, he claimed that in 2014, California voters passed Proposition 47, which reduced certain drug offenses from felonies to misdemeanors.  He attached to his motion an order from the Los Angeles County Superior Court, which redesignated one of his two 1986 convictions for possession of cocaine from a felony to a misdemeanor conviction.  *See* R. at 411.  Relying on *Johnson v. United States*, 544 U.S. 295, 303 (2005), which recognized that a defendant is entitled to a sentence reduction if his enhanced sentence is based on a vacated prior conviction, Stiger argued he was entitled to resentencing because he no longer had two prior felony convictions.  He claimed that continued application of the enhanced sentence violated his due process and Eighth Amendment rights because it exceeded the sentence authorized by law.

The district court rejected these arguments but granted a COA on the due process claim.  Stiger now appeals the denial of his due process claim and seeks a COA to appeal the denial of his Eighth Amendment claim.

II

*A.  Due Process*

"On appeal from the denial of a § 2255 motion, ordinarily we review the district court's findings of fact for clear error and its conclusions of law de novo."  *United States*

---

[1] Stiger's present § 2255 motion is not second or successive because, as we explained in a prior order dismissing as unnecessary his motion for authorization, *see* R. at 413-15, the basis for his present motion did not exist when he filed his initial § 2255 motion.  *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (per curiam).

*v. Driscoll*, 892 F.3d 1127, 1130 (10th Cir. 2018) (internal quotation marks omitted).

Having reviewed Stiger's pro se materials, which we have solicitously construed, *see*

*Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), the government's

response, and the relevant legal authorities, we affirm the denial of Stiger's due process

claim for substantially the same reasons stated in the district court's succinct and cogent

order dated June 10, 2019.

The district court recognized that we recently rejected a virtually identical due

process claim in *United States v. McGee*, 760 F. App'x 610, 610-11, 616 (10th Cir.

2019), where the § 2255 movant challenged his enhanced life sentence imposed under

§ 841 based on the redesignation of a predicate felony to a misdemeanor under

California's Prop. 47.[2]  Although the § 2255 movant in *McGee* similarly invoked

*Johnson*, as Stiger does here, the district court correctly explained that *Johnson* is

distinguishable for the reasons we stated in *McGee*:

> [T]he *Johnson* scenario arises where a defendant never qualified for an
> enhanced sentence to begin with because his underlying predicate
> conviction was invalid or unconstitutional.  Due process concerns may also
> arise where a predicate conviction, though valid, did not qualify for
> enhancement purposes.  But McGee's California conviction fits in neither
> category.  It was not vacated.  Nor has he shown that it did not qualify as a
> predicate offense at the time of sentencing.  Instead, it was only modified,
> as an act of legislative grace, from a felony to a misdemeanor.  Circuit
> precedent applying § 841 has made a significant distinction between
> convictions that have been vacated or successfully attacked and
> convictions, like McGee's, that have merely been excused as a matter of
> legislative grace.  Only enhancement based on the former raises due
> process concerns.

---

[2] Unpublished cases are not binding precedent, but we may consider them for their persuasive value.  *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).

R. at 508 (quoting *McGee*, 760 F. App'x at 613 (brackets and ellipses omitted)).

Stiger asserts his prior conviction was vacated, but the district court recognized, and the record confirms, that it was redesignated from a felony conviction to a misdemeanor conviction pursuant to Prop. 47. The district court also recognized that Stiger offered no argument that his conviction did not qualify as a predicate offense at the time of sentencing. Thus, the court correctly concluded that Stiger's enhanced sentence does not raise due process concerns. Stiger insists the district court erred in relying on *McGee* because California law made the redesignation of his offense retroactive "for all purposes." Aplt. Br. at 7 (brackets and internal quotation marks omitted). But as we explained in *McGee*, "even if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make [the] felony conviction a misdemeanor for purposes of *federal* law." 760 F. App'x at 615 (internal quotation marks omitted). Stiger's arguments are unavailing, and the district court correctly rejected his due process claim.

## B. Eighth Amendment

Stiger next contends that his enhanced sentence under § 841 violates the Eighth Amendment because, absent two qualifying felony convictions, it exceeds the maximum sentence authorized by law.[3] The district court rejected this claim, and Stiger now seeks

---

[3] In the district court, Stiger premised his argument on Prop. 47 and the reclassification of his 1986 felony conviction to a misdemeanor. For the first time on appeal, however, Stiger expands the scope of his argument and contends that his sentence violates the Eighth Amendment because it is disproportionate to his offense in light of the First Step Act, the Fair Sentencing Act, and other sentencing changes. We decline to consider these unpreserved arguments. *See Stouffer v. Trammell*, 738 F.3d 1205, 1222

5

to appeal. However, to appeal the denial of his Eighth Amendment claim, Stiger must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). We will grant a COA "only if [Stiger] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Under this standard, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court concluded that Stiger's life sentence did not violate the Eighth Amendment because it fell within the parameters of § 841. This conclusion is not reasonably debatable. As the district court recognized, "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006). Stiger failed to establish that his enhanced sentence violates § 841. He had two prior felony drug convictions that satisfied the criteria for enhancement under § 841 when he was convicted and sentenced for the drug conspiracy, and thus, he was sentenced within the parameters of § 841. *See United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013) ("The question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside."). As a consequence, reasonable jurists would not debate that his sentence comports with the Eighth Amendment. Stiger is not entitled to a COA on this claim.

---

n.13 (10th Cir. 2013) ("We do not generally consider issues that were not raised before the district court as part of the habeas petition.").

6

## III

For the foregoing reasons, we affirm the denial of Stiger's due process claim and deny a COA on the Eighth Amendment claim.

Entered for the Court


Joel M. Carson III
Circuit Judge